**2024-1081**

# United States Court of Appeals for the Federal Circuit

FA-HSING LU,

*Plaintiff-Appellant,*

– v. –

HYPER BICYCLES, INC.,

*Defendant-Appellee.*

*On Appeal from the United States District Court for the District of Massachusetts in No. 1:20-cv-11739-NMG, Nathaniel M. Gorton, Judge*

## BRIEF FOR PLAINTIFF-APPELLANT

CHRISTOPHER E. HULTQUIST
HULTQUIST LAW, P.C.
56 Pine Street, Suite 200
Providence, Rhode Island 02903
(401) 383-6650
hultquistlaw@gmail.com

*Counsel for Plaintiff-Appellant*

FEBRUARY 8, 2024



"The ornamental design for a bicycle, as shown and described in Figures 1-7 and excluding the wheels, seat, frame, handlebars and pedal/gear/chain assembly of the bicycle only to the extent those elements serve functional, not ornamental, purposes."

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2024-1081

**Short Case Caption** Lu v. Hyper Bicycles, Inc.

**Filing Party/Entity** Fa-Hsing Lu

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: _2/8/24_____

Signature:  /s/ Christopher E. Hultquist

Name:  Christopher E. Hultquist

i

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| Fa-Hsing Lu | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

ii

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☑    None/Not Applicable            ☐    Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐    Yes (file separate notice; see below)    ☑    No    ☐    N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable            ☐    Additional pages attached

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ................................................................i

TABLE OF CONTENTS........................................................................iv

TABLE OF AUTHORITIES ..................................................................v

STATEMENT OF RELATED CASES .................................................1

STATEMENT OF JURISDICTION.......................................................1

STATEMENT OF THE ISSUES...........................................................2

STATEMENT OF THE CASE...............................................................2

SUMMARY OF ARGUMENT .............................................................4

ARGUMENT ........................................................................................5

I.    Standard of Review.......................................................................5

II.   The Evidence Submitted by Lu in Opposition to Hyper's Motion for
      Summary Judgment Provided Genuine Issues of Fact Regarding
      Lu's Patent Infringement Claims.................................................5

III.  Conclusion ..................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

## Cases:

*Eli Lilly & Co. v. Barr Labs., Inc.,*
  251 F.3d 955 (Fed. Cir. 2001) ........................................................5

*Hoover v. Switlik Parachute Co.,*
  663 F.2d 964 (9th Cir. 1981) .........................................................7

*InterGen N.V. v. Grina,*
  344 f.3d 134 (1st Cir. 2003) ..........................................................7

*O'Connor v. Steeves,*
  994 F.2d 905 (1st Cir. 1993)..........................................................5

*Young v. Lumenis, Inc.,*
  492 F.3d 1336 (Fed. Cir. 2007) ....................................................5

## Statutes & Other Authorities:

28 U.S.C. § 1295(a)(1) .......................................................................1

28 U.S.C. § 1338(a) ...........................................................................1

35 U.S.C. § 102(f) ..............................................................................2

35 U.S.C. § 256 ..................................................................................3

Fed. Cir. R. 47.5(a) ...........................................................................1

Fed. Cir. R. 47.5(b) ...........................................................................1

## STATEMENT OF RELATED CASES

Pursuant to Fed. Cir. R. 47.5(a), counsel for Appellant certifies that no other appeal from the same civil action in the lower court was previously before this Court or any other appellate court.

Pursuant to Fed. Cir. R. 47.5(b), counsel for Appellant states that there is no case known to counsel pending in this court or any other court that will directly affect or be directly affected by this court's decision in the pending appeal.

## STATEMENT OF JURISDICTION

Fa-Hsing Lu ("Lu") filed the underlying patent infringement action in Massachusetts Federal District Court on September 23, 2020. Appx18-22. Subject matter jurisdiction was proper in the underlying federal district court action, as federal district courts have exclusive subject matter jurisdiction over cases "arising under patent law." 28 U.S.C. § 1338 (a). The district court entered final Judgment dismissing Lu's patent infringement claims on September 20, 2023. Appx1. Lu timely filed his Notice of Appeal on October 20, 2023. Appx680. This Court has exclusive jurisdiction of the appeal under 28 U.S.C. § 1295(a)(1).

## STATEMENT OF THE ISSUES

1.     Did the trial court err in finding that the deposition testimony presented in opposition to Hyper's Motion for Summary Judgment failed to present a genuine dispute as to whether Hyper sold products that infringed Lu's patents?

2.     Did the trial court err in failing to address Lu's contention that Hyper's Counterclaim provided an issue of fact as to whether Hyper sold products that infringed Lu's patent?

## STATEMENT OF THE CASE

On September 23, 2020, Lu filed the underlying patent infringement action against Hyper Bicycles, Inc. ("Hyper") in Massachusetts Federal District Court. Appx18-22.  Lu identified the 16-inch Moto Hyper Nitro Circus Bike "Motobike" as infringing upon Patent No. US D529,842 S, and the Hyper Bicycles Speedbike "Speedbike" as infringing upon Patent No. 556,642 S.  Appx19-20, Paragraph 15. On November 19, 2020, Hyper filed an Answer along with Counterclaims for (1) Fraud-Intentional Misrepresentation; (2) Fraud-Concealment; (3) Declaratory Relief; (4) Declaration of Invalidity of U.S. Patent D549,842; (5) Declaration of Invalidity of U.S. Patent D556,642; (6) Invalidity of U.S. Patent No.,D549842 Under 35 U.S.C. §102(f); (7) Invalidity of U.S. Patent No., D556,642 Under 35 U.S.C. §102(f);  (8) Declaratory Judgment of Unenforceability of U.S. Patent No.

D549,842 Due to Inequitable Conduct; (9) Declaratory Judgment of

Unenforceability of U.S. Patent No. D556,642 Due to Inequitable Conduct; (10)

Correction of Inventorship of U.S. Patent No. D549,842 Under 35 U.S.C. §256;

and (11) Correction of Inventorship of U.S. Patent No. D556,642 Under 35 U.S.C.

§256. Appx61-85.

Lu filed an Answer to the Counterclaim on December 13, 2020.  Appx162-

174.  A Markman hearing was held on October 20, 2021, and the Court issued a

Memorandum and Order regarding claims construction on October 25, 2021.

Appx424-433.  On February 24, 2022, local counsel for Hyper filed a Notice of

Withdrawal. Appx513-514.  On February 28, 2022, August 30, 2022 , and

December 5, 2022, Plaintiff filed Assented to Motions to Extend Time to Extend

Deadlines in the Scheduling Order.  Appx515-517, Appx519-521, Appx524-526.

The Court granted the requested extensions, and on December 8, 2022 issued an

Order setting trial for September 18, 2023 with discovery to be completed by

January 27, 2023.  Appx527.  On the same date, December 8, 2022, local counsel

for Hyper entered their appearance. Appx14,  On March 1, 2023 Lu filed an

additional Assented to Motion to Extend Time to Extend Deadlines in the

Scheduling Order.  Appx528-530.  The Court granted the motion in part by

extending the fact discovery completion to March 31, 2023 and expert discovery

completion to May 31, 2023, but retained the September 18, 2023 trial date. Appx531.

Hyper filed its Motion for Summary Judgment on June 1, 2023. Appx532-534.  Lu filed his Opposition on July 21, 2023. Appx595-599.  On August 7, 2023, the Court issued a Memorandum and Order granting Hyper's Motion for Summary Judgment.  Appx655-661.   On September 6, 2023, Hyper filed a Motion to Dismiss Counter-Claims Against Lu.  Appx666-668. On September 15, 2023, the Court entered an Order granting the motion.  Appx670.  The Court entered final Judgment dismissing Lu's patent infringement claims on September 20, 2023. Appx1.    Lu filed his Notice of Appeal on October 20, 2023. Appx680.

## SUMMARY OF ARGUMENT

Lu contends that the district court erred in granting Hyper's Motion for Summary Judgment on Lu's patent infringement Complaint filed on September 23, 2020.  Lu contends that the district court record contained sufficient evidence providing genuine issues of fact on his allegation that the Moto Hyper Nitro Circus Bike "Motobike" infringed upon Patent No. US D529,842 S, and the Hyper Bicycles Speedbike "Speedbike" infringed upon Patent No. 556,642 S.

Lu's primary argument concerns the fact that the trial court ignored the import of the deposition testimony provided in his Opposition and failed to

acknowledge that the statements made by Hyper in it Counterclaim provided sufficient factual issues in the record concerning Hyper's sales of infringing products.

## ARGUMENT

### I.    Standard of Review

This Court reviews a district court's grant of summary judgment *de novo*, reapplying the standard applicable at the district court. *See Young v. Lumenis, Inc.*, 492 F.3d 1336, 1345 (Fed. Cir. 2007). When deciding a case on summary judgment, the Court views the facts in the light most favorable to the non-moving party and makes all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir. 1993). Summary judgment is appropriate when no genuine issue exists as to any material fact, and the moving party is entitled to judgment as a matter of law. *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001).

### II.    The Evidence Submitted by Lu in Opposition to Hyper's Motion for Summary Judgment Provided Genuine Issues of Fact Regarding Lu's Patent Infringement Claims.

Lu's Opposition to Hyper's Motion for Summary Judgment identified the 16-inch Moto Hyper Nitro Circus Bike "Motobike" as infringing upon Patent No. US D529, 42 S, and the Hyper Bicycles Speedbike "Speedbike" as infringing upon

5

Patent No. 556,642 S.  Appx600-606.  The photos of the identified infringing bicycles were submitted as part of the Opposition as well.  Appx605-606.

Lu's Opposition also contained portions of the April 20, 2023 deposition transcript of Clay Goldsmid, CEO of Hyper Bicycles, Inc, in the matter of *Hyper Bicycles, Inc. v. Ballard Pacific Resources, Inc* .C.A. No: 2:2021-cv-01574, United States District Court Central District of California, Western Division.  Appx607-610.  During the deposition, Mr. Goldsmid was shown photos of the above-mentioned Hyper Nitro Circus MotoBike and the Speed Bike.  When asked if each of the bicycles identified as the infringing products were based upon the drawings in the respective patents, he acknowledged that they were. Appx610.

Lu's Opposition contained his own deposition transcript testimony stating that he became aware that the identified infringing bicycles were being sold on Walmart.com in the 2019-20-time frame.  Appx611-617. In addition, Lu identified Hyper's own November 19, 2020 Counterclaim against Lu in this action citing the language in Paragraph 24  "from 2016 forward, Hyper manufactured Moto Bikes and Speed Bikes through its own manufacturer, and sold its Moto Bikes and Speed Bikes directly to Walmart." Appx597, Appx72.

Lu contends that the above-mentioned submissions in the record and language from Hyper's own Counterclaim provided sufficient factual issues to defeat Hyper's Motion for Summary Judgment below.

Depositions, whether taken in the underlying action or from a separate action, are admissible at the summary judgment stage. *Hoover v. Switlik Parachute Co.,* 663 F.2d 964, 966 (9th Cir. 1981). Lu contends that the deposition testimony alone contains sufficient factual issues to defeat Hyper's motion. In addition, although the trial court did not address Lu's reference to the Counterclaim language as providing a factual issue to defeat summary judgment, the pleading not only provided a factual issue on infringement but should be construed as a party admission. *InterGen N.V. v. Grina*, 344 f.3d 134, 144-45 (1st Cir. 2003).

## III    Conclusion

For the above-mentioned reasons, Plaintiff respectfully requests the Court to vacate the trial court Judgment entered on September 20, 2023 granting summary judgment to Hyper and remand the case for further proceedings.

Respectfully submitted,

/s/ Christopher E. Hultquist
CHRISTOPHER E. HULTQUIST
HULTQUIST LAW, P.C.
56 Pine Street, Suite 200
Providence, Rhode Island 02903

> (401) 383-6650
> hultquistlaw@gmail.com
> Counsel for Plaintiff-Appellant

ADDENDUM

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FA-HSING LU,

    Plaintiff,

    v.

HYPER BICYCLES, INC.,

    Defendant

C.A. No. 1:20-cv-11739

---

### JUDGMENT

**GORTON, D.J.**

    The court having issued a Memorandum and Order dated August 7, 2023,

granting Defendant Hyper Bicycles, Inc.'s Motion for Summary Judgment (Docket

No. 94), it is hereby

**ORDERED, ADJUDGED AND DECREED:**

    That judgment is entered in favor of Defendant Hyper Bicycles, Inc. on

Count I for Infringement of Patent No. US D 529, 842 S, and Count II for

Infringement of Patent No. US D 556, 642 S of Plaintiff Fa-Hsing Lu's Complaint

(Docket No. 1).

Dated: 09/20/2023

                            Nathaniel M. Gorton
                            United States District Judge

1

United States District Court
District of Massachusetts

| | |
|---|---|
| Fa-Hsing Lu, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. |
| Hyper Bicycles, Inc., | ) 20-11739-NMG |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM & ORDER

GORTON, J.

This case arises out of the alleged patent infringement by defendant Hyper Bicycles, LLC ("Hyper" or "the defendant") of two design patents held by plaintiff Fa-Hsing Lu ("Lu" or "the plaintiff"). Pending before the Court is defendant's motion for summary judgment as to plaintiff's affirmative claims. For the reasons that follow, the motion will be allowed.

III. **Background**

In September, 2020, Lu, a citizen and resident of Taiwan, Republic of China, filed suit in this Court for patent infringement against Hyper, a Massachusetts corporation with its principal place of business in New Jersey. Lu asserts infringement of United States patent numbers US D529,842 S ("the '842 patent") and US D556,642 S ("the '642 patent"), each of which relates to the ornamental design of a bicycle. Hyper

- 1 -

Appx655

denied the substantive claims in November, 2020, and asserted 13
counterclaims against Lu.

In October, 2021, this Court convened a Markman hearing
with respect to the claim construction of the '842 and '642
patents. Shortly thereafter, it issued a memorandum and order
in which it adopted a limited verbal construction of the
patents. The Court allowed several requests in 2022 for
extensions of the scheduling order before setting final
deadlines for fact discovery and expert discovery in March and
May of 2023, respectively. Defendant filed the pending motion
for summary judgment in June, 2023, which plaintiff eventually
opposed.

IV. **Motion for Summary Judgment**

   A. **Legal Standard**

   The role of summary judgment is "to pierce the pleadings
and to assess the proof in order to see whether there is a
genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d
816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc.,
895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving
party to show, through the pleadings, discovery and affidavits,
"that there is no genuine dispute as to any material fact and
the movant is entitled to judgment as a matter of law." Fed. R.
Civ. P. 56(a).

- 2 -

A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

**B. Application**

Hyper moves for summary judgment on the grounds that Lu has not proffered any evidence in support of his claims of patent infringement nor any evidence upon which an award of damages could depend.  In his opposition to the motion, Lu contends that certain deposition testimony supports his claims and suggests that the Court should re-open discovery so that he can "address

- 3 -

the damages issues". The Court concludes that Hyper is entitled to summary judgment and will deny Lu's request to re-open discovery.

As an initial matter, plaintiff has neglected to submit a concise statement of the facts which he contends present a genuine issue to be tried. Instead, he filed a cursory opposition brief, with no accompanying statement of facts, as well as exhibits comprised of two deposition excerpts and pleadings from this case. Local Rule 56.1 supplies the proper sanction:

> Material facts of record set forth in the statement
> required to be served by the moving party will be
> deemed for purposes of the motion to be admitted by
> opposing parties unless controverted by the statement
> required to be served by opposing parties.

Hyper, the moving party, has submitted its required statement of material facts. Those facts may be "deemed for purposes of the motion to be admitted" because Lu, the opposing party, has not served a concise statement controverting them. Furthermore, Hyper's statement of material facts is dipositive of the issues raised in its motion for summary judgment. See Docket No. 88, Defendant's Statement of Undisputed Material Facts, at ¶¶ 5-10 (plaintiff has not identified any evidence of infringement); id. at ¶¶ 11-34 (plaintiff has not identified any evidence of damages).

- 4 -

Even if this Court were to consider plaintiff's opposition and the attached exhibits as an appropriate medium for plaintiff to identify and contest purportedly triable issues of fact, the contentions that he raises do not present any genuine and/or material issues.  Plaintiff did not propound any written discovery, take any depositions or designate any experts throughout the course of this litigation.  The only specific evidence Lu is able to identify in his opposition, therefore, is the deposition testimony of an officer of Hyper in another case and Lu's own deposition testimony in these proceedings.

The deposition testimony of Clay Goldsmid, Hyper's principal, indicates only that certain unspecified photos of Hyper's MotoBike and SpeedBike were "based upon the drawing[s]" in Lu's patents.  Furthermore, plaintiff's deposition testimony merely states that he found defendant's purportedly infringing products on the internet (e.g. on Walmart's website) sometime in 2019 or 2020.  Lu testified that he had no knowledge, however, of whether a single product was actually sold.  Such scant and vague testimony does not present a genuine dispute as to whether defendant sold products that infringed plaintiff's patents.

With respect to damages, Lu proffers no evidence at all.  Instead, he submits that there is a presumption of damages if patent infringement is proved and requests that the Court allow for limited discovery in the weeks before trial so that he can

- 5 -

elicit some evidence of damages.  Plaintiff's request for
additional discovery under Fed. R. Civ. P. 56(d) does not
satisfy the criteria of "authoritativeness, timeliness, good
cause, utility, and materiality" articulated by the First
Circuit Court of Appeals. See In re PHC Shareholder Litig., 762
F.3d 138, 144 (1st Cir. 2014) (citation omitted).

     In particular, plaintiff fails to make an adequate showing
with respect to the timeliness of and good cause for his
request. See Emigrant Residential LLC v. Pinti, 37 F.4th 717,
725-26 (1st Cir. 2022) (holding that the failure to show good
cause "ordinarily will be reason enough to deny Rule 56(d)
discovery").  Plaintiff's request for Rule 56(d) discovery on a
critical aspect of his case, damages, comes months after the
close of discovery (a deadline which had been extended multiple
times), on the eve of trial, in a case that is nearly three
years old.  There is no good cause for such an untimely request.

     In his affidavit, plaintiff's counsel obliquely suggests
that certain periods of time during which defendant was not
represented by local counsel prevented him from pursuing
discovery.  That notion is meritless.  Lu enjoyed "a full and
fair opportunity to obtain relevant facts earlier in [this]
case" and did nothing with it. Id. at 726.  The Court will not
re-open discovery shortly before trial to allow plaintiff to

Appx660

conduct discovery which he could and should have conducted months (or years) earlier.

The Court finds, therefore, that plaintiff has failed to controvert defendant's statement of undisputed facts in violation of Local Rule 56.1 and, in any event, has failed to present a genuine issue of material fact as to infringement and/or damages.

### ORDER

For the foregoing reasons, defendant's motion for summary judgment (Docket No. 80) is **ALLOWED**. Plaintiff's request to re-open discovery pursuant to Fed. R. Civ. P. 56(d) is **DENIED**.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated: August 7, 2023

Appx661

US00D529842S

(12) **United States Design Patent**    (10) Patent No.:    **US D529,842 S**
Lu    (45) Date of Patent:    ** Oct. 10, 2006

(54) **BICYCLE**

(76) Inventor: Fa-Hsing Lu, 7F, No. 109, Sec. 3, Taijunggang Road, Shituen Chiu, Taichung (TW)

(**) Term: 14 Years

(21) Appl. No.: 29/233,392

(22) Filed: Jul. 1, 2005

(51) LOC (8) Cl. ................................ 12-11
(52) U.S. Cl. ................................ D12/111
(58) Field of Classification Search ............ D12/110, D12/111; 280/274–288, 281.1, 288.1, 288.2, 280/288.3, 827, 828; D21/432, 538, 446/640; 180/219, 220
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

D181,615 S * 12/1985 Barbato et al. .......... D21/432
D291,292 S * 8/1987 Smith et al. .......... D12/111

D342,702 S * 12/1993 Camfield et al. ....... D12/111

* cited by examiner

Primary Examiner—Alan P. Douglas
Assistant Examiner—Linda Brooks
(74) Attorney, Agent, or Firm—Alan D. Kamrath; Nikolai & Mersereau, P.A.

(57) **CLAIM**

The ornamental design for a bicycle, as shown and described.

**DESCRIPTION**

FIG. 1 is a perspective view of a bicycle showing our new design;
FIG. 2 is a right elevational view thereof;
FIG. 3 is a left elevational view thereof;
FIG. 4 is a front side elevational view thereof;
FIG. 5 is a rear side elevational view thereof;
FIG. 6 is a top plan view thereof; and,
FIG. 7 is a bottom plan view thereof.

1 Claim, 7 Drawing Sheets



**U.S. Patent**    Oct. 10, 2006    Sheet 1 of 7    US D529,842 S



FIG.1

**U.S. Patent**        Oct. 10, 2006        Sheet 2 of 7        **US D529,842 S**



FIG.2

**U.S. Patent**        Oct. 10, 2006        Sheet 3 of 7        **US D529,842 S**



FIG.3

U.S. Patent          Oct. 10, 2006          Sheet 4 of 7          US D529,842 S



FIG.4

U.S. Patent    Oct. 10, 2006    Sheet 5 of 7    US D529,842 S



FIG.5

**U.S. Patent**     Oct. 10, 2006     Sheet 6 of 7     **US D529,842 S**



FIG.6

Appx30

**U.S. Patent**        Oct. 10, 2006        Sheet 7 of 7        **US D529,842 S**



FIG.7

# EXHIBIT 2



US00D556642S

(12) **United States Design Patent** (10) Patent No.: **US D556,642 S**

Lu                                         (45) Date of Patent: ** Dec. 4, 2007

(54) **BICYCLE**

(76) Inventor: Fa-Hsing Lu, 7F, No. 109, Sec. 3.,
             Taijunggang Road, Shituen Chiu,
             Taichung City (TW)

(**) Term:    14 Years

(21) Appl. No.: **29/262,719**

(22) Filed:    Jul. 10, 2006

(51) LOC (8) Cl. .................................... 12-11
(52) U.S. Cl. ........................................ D12/111
(58) Field of Classification Search ............ D12/110,
        D12/111;  280/274–288, 281.1, 238.1–288.3,
              280/827, 828;  446/440;  180/65.1–65.3,
        180/65.5, 65.6, 205–207, 219, 220;  D21/432,
                                               D21/538
     See application file for complete search history.

(56)              **References Cited**

              U.S. PATENT DOCUMENTS

D281,615 S  *  12/1985  Barbera et al. ............ D21/432
D291,392 S  *   8/1987  Smith et al. .............. D12/111
D342,702 S  *  12/1993  Camfield et al. .......... D12/111
D529,842 S  *  10/2006  Lu ................................ D12/111

D529,843 S  *  10/2006  Pizzi ..................... D12/111

* cited by examiner

Primary Examiner—Cathron C. Brooks
Assistant Examiner—Linda Brooks
(74) Attorney, Agent, or Firm—C. G. Mersereau; Nikolai &
Mersereau, P.A.

(57)              **CLAIM**

The ornamental design for a bicycle, as shown and
described.

              **DESCRIPTION**

FIG. 1 is a perspective view of a bicycle showing my new
design;

FIG. 2 is a front elevational view thereof;

FIG. 3 is a rear elevational view thereof;

FIG. 4 is a right elevational view thereof;

FIG. 5 is a left elevational view thereof;

FIG. 6 is a top plan view thereof; and,

FIG. 7 is a bottom plan view thereof.

              1 Claim, 7 Drawing Sheets



**U.S. Patent**        Dec. 4, 2007        Sheet 1 of 7            **US D556,642 S**



FIG.1

**U.S. Patent**    Dec. 4, 2007    Sheet 2 of 7    **US D556,642 S**



FIG.2

**U.S. Patent**     Dec. 4, 2007     Sheet 3 of 7     US D556,642 S



FIG.3



FIG.4

**U.S. Patent**          Dec. 4, 2007          Sheet 5 of 7          US D556,642 S



FIG.5

U.S. Patent        Dec. 4, 2007        Sheet 6 of 7        US D556,642 S



FIG.6

**U.S. Patent**    Dec. 4, 2007    Sheet 7 of 7    US D556,642 S



FIG.7



US00D556642S

(12) **United States Design Patent**      (10) Patent No.:      **US D556,642 S**

Lu      (45) Date of Patent:      ** Dec. 4, 2007

(54) **BICYCLE**

(76) Inventor:  Fu-Hsiang Lu, 7F, No. 109, Sec. 3.,
Taijunggang Road, Shituen Chiu,
Taichung City (TW)

(**) Term:  14 Years

(21) Appl. No.: 29/262,719

(22) Filed:  Jul. 10, 2006

(51) LOC (8) Cl. ........................................ 12-11
(52) U.S. Cl. .................................................. D12/111
(58) Field of Classification Search ............ D12/110,
D12/111;  280/274–288, 281.1, 288.1–288.3,
280/827, 828;  446/440;  180/65.1–65.3,
180/65.5, 65.6, 205–207, 219, 220;  D21/432,
D21/538

See application file for complete search history.

(56)      **References Cited**

U.S. PATENT DOCUMENTS

D281,613 S   *  12/1985  Barbato et al.  ............. D21/432
D291,292 S   *   6/1987  Smith et al.  ............. D12/111
D342,702 S   *  12/1993  Camfield et al.  ......... D12/111
D529,842 S   *  10/2006  Lu  ........................... D12/111

D529,843 S   *  10/2006  Pizzi  ....................... D12/111

* cited by examiner

Primary Examiner—Cathran C. Brooks
Assistant Examiner—Linda Brooks
(74) Attorney, Agent, or Firm—C. G. Mersereau; Nikolai &
Mersereau, P.A.

(57)      **CLAIM**

The ornamental design for a bicycle, as shown and
described.

**DESCRIPTION**

FIG. 1 is a perspective view of a bicycle showing my new
design;

FIG. 2 is a front elevational view thereof;

FIG. 3 is a rear elevational view thereof;

FIG. 4 is a right elevational view thereof;

FIG. 5 is a left elevational view thereof;

FIG. 6 is a top plan view thereof; and,

FIG. 7 is a bottom plan view thereof.

1 Claim, 7 Drawing Sheets



**U.S. Patent**       Dec. 4, 2007     Sheet 1 of 7       **US D556,642 S**



FIG.1

**U.S. Patent**    Dec. 4, 2007    Sheet 2 of 7    **US D556,642 S**



FIG.2

**U.S. Patent**    Dec. 4, 2007    Sheet 3 of 7    **US D556,642 S**



FIG.3

**U.S. Patent**          Dec. 4, 2007          Sheet 4 of 7          US D556,642 S



FIG.4

U.S. Patent      Dec. 4, 2007      Sheet 5 of 7      US D556,642 S



FIG.5

**U.S. Patent**      Dec. 4, 2007      Sheet 6 of 7      **US D556,642 S**



FIG.6

**U.S. Patent**    Dec. 4, 2007    Sheet 7 of 7    **US D556,642 S**



FIG.7

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2024-1081

**Short Case Caption:** Lu v. Hyper Bicycles, Inc.

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes 1,365 words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 02/08/2024

Signature: /s/ Christopher E. Hultquist

Name: Christopher E. Hultquist

Save for Filing